UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO: 5:99-CR-0018-1-BR

| | |
|---|---|
| RUSSELL LEE MCBEE ) | |
| ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| UNITED STATES OF AMERICA ) | |
| ) | |

This matter is before the court on a filing apparently received from defendant on 24 July 2017. (DE # 105.) The filing is captioned as a "Request for RRC Recommendation Under 18 U.S.C. § 3624(c)." The document is not signed and is missing pages. The court will not take any action on the document.

Because defendant may be attempting to request an order directing his placement in a residential re-entry center ("RRC"), the court provides the following information to defendant. The court lacks the authority to order that a prisoner be placed in an RRC; rather, it is the Bureau of Prisons ("BOP") that determines whether (and for how long) a prisoner will be placed in an RRC. See 18 U.S.C. §§ 3621(b) ("The [BOP] shall designate the place of the prisoner's imprisonment. . . . . Any order, recommendation, or request by a sentencing court that a convicted person serve a term of imprisonment in a community corrections facility shall have no binding effect on the authority of the Bureau under this section to determine or change the place of imprisonment of that person."), 3624(c)(1) ("The Director of the [BOP] shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the

community.  Such conditions may include a community correctional facility."); Garrison v. Stansberry, No. 2:08cv522, 2009 WL 1160115, at *4 (E.D. Va. Apr. 29, 2009) ("Petitioner's request that this Court direct the BOP to place him in an RRC for the maximum period of twelve months is not relief which this Court may grant.  Accordingly, the Court only has authority to review whether the BOP properly reviewed Petitioner's case on an individualized basis and followed § 3621(b)'s five factors." (footnote omitted)).  Once the BOP makes its decision, "[i]t is proper for [the prisoner] to file a Section 2241 [habeas corpus] petition to challenge a decision of the BOP to limit or deny his placement in a [RRC]."  Jones v. Johns, No. 3:11-cv-305-RJC, 2012 WL 3203986, at *2 (W.D.N.C. Aug. 6, 2012).  However, before filing a § 2241 petition, the prisoner must exhaust his or her administrative remedies with the BOP.  Id.  Once a decision is made on a defendant's RRC placement, if the defendant is dissatisfied, he should challenge the decision within the BOP.  If the defendant remains dissatisfied and only after he has fully exhausted his remedies at the administrative level should he file a § 2241 petition *in the district court located within the district where he is incarcerated.*

This 9 August 2017.

_____
W. Earl Britt
Senior U.S. District Judge